UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSE HOFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-CV-761 JAR |
| | ) |
| UNITED STATES OF AMERICA and | ) |
| CITY OF WENTZVILLE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of Wentzville's Motion to Dismiss First Amended Complaint (ECF 12), and Plaintiff Rose Hoffman's opposition thereto (ECF 13).[1] Defendant City of Wentzville has not filed a reply brief, and the time in which to do so has expired. Accordingly, the matter is ready for disposition. For the reasons stated below, the motion will be DENIED.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted); see also Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

[1] Defendant United States of America has also filed a response, in which it states that at the present time it is unaware of information which would be relevant to the matter at issue in Defendant City of Wentzville's motion. (ECF 14.)

570 (2007) (abrogating the "no set of facts" standard for Rule 12(b)(6) found in Conley v. Gibson, 355 U.S. 41 (1957)). Therefore, a plaintiff's obligation to provide the grounds of her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

**FIRST AMENDED COMPLAINT**

On July 9, 2013, Plaintiff filed her First Amended Complaint. (ECF 8.) She alleges that on February 12, 2011, she exited the postal office on East Allen Street in Wentzville, Missouri, and, while on the sidewalk in front of the building, slipped on a patch of ice that had accumulated in a large crack. Count I asserts a claim of negligence against Defendant United States of America, and Count II asserts a claim of negligence against Defendant City of Wentzville. Relevant to the matter now before the Court, Plaintiff alleges in ¶24 that "Defendant City of Wentzville was given proper notice of the occurrence in accordance with RSMo § 79.480."

**DISCUSSION**

Defendant City of Wentzville sets forth one argument to support its motion to dismiss. Defendant City of Wentzville argues that, to maintain the instant claim against it, Mo. Rev. Stat. § 79.480 requires Plaintiff to have provided written notice to its mayor within 90 days of the alleged occurrence. Defendant City of Wentzville argues that Plaintiff fails to allege sufficiently such notice in the First Amended Complaint, and therefore her claim against it must be dismissed with prejudice.

Plaintiff opposes Defendant City of Wentzville's motion. Plaintiff argues that the notice requirement is to be construed strictly against the municipality and that substantial compliance with the notice requirement is sufficient. Plaintiff states that a St. Charles County ambulance

and the City of Wentzville Police Department were present at the scene, and argues that proper notice was therefore received by Defendant City of Wentzville. Plaintiff additionally contends that, at the very least, the motion should be denied so that discovery on the matter may proceed.

Under Missouri law,

> No action shall be maintained against any city organized under the laws of this state as a city of the fourth class on account of any injuries growing out of any defect or unsafe condition of or on any bridge, boulevard, street, sidewalk or thoroughfare, in said city until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which said damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city.

Mo. Rev. Stat. § 79.480. This statute requires that the notice be "in writing," although a plaintiff "need not have been the person who actually reduced the notice to writing." Kirkpatrick v. City of Glendale, 99 S.W.3d 57, 59 (Mo. Ct. App. 2003). Further, an authorized agent of a mayor, such as a city manager or a mayor's secretary, may be served in place of a mayor. See id.; but see Frogge v. Nyquist Plumbing & Ditching Co., 453 S.W.2d 913, 915 (Mo. 1970) ("There is . . . no contention that the mayor had designated the city clerk as his authorized agent upon whom notices directed to him could be served. It therefore follows that § 79.480 was not complied with unless service of the papers upon the city clerk can be said to constitute notice in writing to the mayor of said city. We . . . conclude[] that the statute was not complied with. As we have heretofore indicated, the requirement of the statute that notice in writing be given the mayor is to be strictly construed."). Moreover, notice is sufficient if a defendant city is "informed of the place, time, and circumstances of how plaintiff's injuries occurred, as well as the nature of those injures and the defect in the sidewalk which caused them," and it is "not necessary for the notice to expressly state that plaintiff was going to claim damages from the [c]ity." Kirkpatrick, 99 S.W.3d at 60. "[S]ufficiency of the notice is for the court and not the jury" to decide. Travis v.

Kansas City, 491 S.W.2d 521, 524 (Mo. 1973) (considering a similar notice requirement contained in Mo. Rev. Stat. § 82.210).

In Kirkpatrick, the plaintiff fell and injured himself while on a sidewalk in Glendale, Missouri. Kirkpatrick, 99 S.W.3d at 58. After the incident, he reported the fall to the city manager and received treatment from a fire department paramedic. Id. The paramedic filed a written incident report, and the city manager requested that a building inspector examine the sidewalk. Id. A Missouri court of appeals found that § 79.480 had been satisfied, and reversed a trial court's grant of summary judgment in the defendant's favor on the issue. Id. at 60.

In this case, Plaintiff alleges satisfaction of the relevant Missouri notice statute. Further, in her opposition to Defendant City of Wentzville's motion, she explains that this notice allegation is based on the presence of an ambulance and the Wentzville Police Department at the scene of the occurrence and her belief proper notice was therefore received.

The Court agrees with Plaintiff that the instant motion is premature at this stage in the litigation. Accordingly, she will be allowed an opportunity to conduct discovery regarding, among other things, whether sufficient notice was received by Defendant City of Wentzville. If, after discovery, Defendant City of Wentzville continues to believe that notice was insufficient, it may file a motion for summary judgment on the issue.

For the above stated reasons,

**IT IS HEREBY ORDERED** that Defendant City of Wentzville's Motion to Dismiss (ECF 12) is DENIED.

Dated this 26th day of August, 2013.

                                                   _____
                                                   JOHN A. ROSS
                                                   UNITED STATES DISTRICT JUDGE